**COUNTY OF ALLEGHENY (John J. Kane Center–Ross) and UPMC–Work Partners, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GEISLER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 2005.

Decided June 6, 2005.

Bradley R. Andreen, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

The County of Allegheny (John J. Kane Center–Ross) (Employer),[1] petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board). The Board affirmed a determination of the Workers' Compensation Judge (WCJ) that certain treatments rendered to Robert Geisler (Claimant) were reasonable and necessary. In this appeal, we consider whether it was appropriate for the WCJ to consider Claimant's petition in light of the fact that the Claimant's provider never provided his records to the Utilization Review Organization (URO).

On May 3, 1987, Claimant suffered an injury at work described in Employer's Notice of Compensation Payable (NCP) as a back strain. Thereafter, on March 31, 1998, Claimant's indemnity benefits were suspended because of Claimant's failure to follow through with a job offer made by Employer. His medical benefits continued.

On January 22, 2002, pursuant to Section 306(f.1)(6) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. 531(6), Employer filed a request for utilization review of three of Claimants office visits with John L. Behm, M.D. and the medications he prescribed. Because Dr. Behm failed to provide medical records to the URO, the URO issued a determination that Dr. Behm's treatments were neither reasonable nor necessary. 34 Pa.Code 127.464(a).[2]

On March 19, 2002, Claimant petitioned for a WCJ's review of the URO determination. On October 9, 2002, Employer filed a petition to terminate, alleging that as of August 28, 2002, Claimant had fully recovered from his work injury. The petitions were consolidated. Employer then moved for the dismissal of Claimant's review petition, asserting that where a provider fails to provide medical records to a URO, the WCJ lacks jurisdiction to consider the merits of the URO's determination. Employee's motion was denied, and the hearing proceeded.[3]

Central to the WCJ's conclusion that Claimant's treatment by Dr. Behm, a family practice physician, was reasonable was Dr. Behm's own testimony. Dr. Behm explained he treated Claimant for pain with prescriptions for Celebrex, Oxycontin, Percocet, Ziac, Zoloft and Phenergan. Reproduced Record at 310a. (R.R. ——). Dr. Behm stated that Celebrex, Oxycontin and Percocet were used to control the pain caused by Claimant's back injury. Zoloft, an anti-depressant, was prescribed because it can have a salutary effect upon a patient's perception of pain. Phenergan

---

1. UPMC Work Partners is the third-party administrator for Employer.

2. See discussion, infra, for text of 34 Pa.Code § 127.464(a).

3. Claimant testified before the WCJ on May 6 and June 20, 2002, on December 17, 2002, and April 22, 2003. Claimant's treating physician, John Behm, M.D., whose treatment of Claimant was at issue, testified on June 20 and August 13, 2002.

was used to counter nausea experienced by Claimant as a result of taking so many prescription medications. Dr. Behm acknowledged that he did not believe that his further treatment of Claimant would be reasonable because he is not a pain specialist. Thus, he referred Claimant to the Veteran's Administration Medical Center.[4]

Employer presented the deposition testimony of Stephen M. Thomas, M.D., board certified in anesthesiology, with a practice limited to pain management. Dr. Thomas reviewed Claimant's medical records and performed a physical examination of Claimant. Dr. Thomas concluded that the array of medications prescribed by Dr. Behm, including Neurontin, Effexor, Celebrex,[5] Sinequan, Ziac, Norflex, Phenergan, Zantac, Zoloft, Naprosyn, Percocet, Vitamin B–12, Wellbutrin and Prednisone could only be labeled "overkill." R.R. 154a. Dr. Thomas opined that Claimant was on too many medications and that Claimant would be better served by less treatment, particularly since Dr. Behm's treatment had not yielded any beneficial results. Dr. Thomas also opined that Claimant had fully recovered from the back strain he sustained on May 3, 1987. There was no diagnostic study that claimant's work-related lumbar strain was responsible for his current pain. Claimant's word alone connected that pain to his 1987

injury, which Dr. Thomas believed to be inadequate.

The WCJ credited the testimony of Dr. Behm[6] that Claimant needed treatment for pain, thereby concluding that Claimant's office visits with Dr. Behm on December 18, 2001, January 15, 2002, and March 12, 2002, and that the medications prescribed in those visits were reasonable and necessary. However, the WCJ found Dr. Behm's treatment after March 12, 2002, neither reasonable nor necessary, since Dr. Behm testified that he no longer would treat Claimant. The WCJ did not credit Dr. Thomas's testimony in any respect and held that Employer failed to prove that Claimant had fully recovered from his May 3, 1987, injury. Employer appealed to the Board, and it affirmed. This appeal then followed.

On appeal,[7] Employer raises one issue. It contends that where a URO determines that treatment was neither reasonable nor necessary because the provider did not provide his medical records to the URO, a WCJ cannot review the merits of the URO's determination. Employer contends that a WCJ's review of a URO determination must include the reviewer's report. Here, a report was not issued because the provider failed to provide the records necessary to a reviewer's

---

4. Dr. Behm discontinued his treatment of Claimant after Employer filed the request for utilization review, anticipating that Employer would challenge all his treatments. R.R. 296a, 298a. Claimant is currently being treated by the Veteran's Administration.

5. Dr. Behm's prescribed dosage of Celebrex, at 600 mg. per day, far exceeded the recommended level. Dr. Behm did this because Claimant did not tolerate Oxycontin.

6. The WCJ found Dr. Behm credible because he testified without compensation on behalf of Claimant. Section 306(f.1)(7)of the Act, 77 P.S. § 531(7), prohibits a provider from hold-

ing a Claimant liable for the cost of treatment recommended by the provider that is subsequently found to be neither reasonable nor necessary. Dr. Behm's defense of his treatment of Claimant was necessary if he was to be compensated for that treatment.

7. Our review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Reinforced Molding Corporation v. Workers' Compensation Appeal Board (Haney)*, 717 A.2d 1096, 1098 n. 1 (Pa.Cmwlth.1998).

report. In the absence of the reviewer's report, there was nothing for a WCJ to review on appeal. Accordingly, Employer contends the WCJ should have dismissed Dr. Behm's petition and any other result will disincentivize providers to undergo the utilization review of their peers, as required by the Act. We agree.

■ In 1993, the General Assembly enacted a comprehensive scheme for controlling the medical costs associated with workers' compensation.[8] To that end, the amendment to the Act, known as Act 44, instituted, *inter alia*, the following: a cap on the amount that can be charged by a provider; a requirement that employees visit employer's authorized panel of physicians; and peer review of provider services by a licensed URO. Utilization review was intended to be fair, prompt and efficient. Accordingly, Act 44 gave providers the opportunity to defend their treatment of a claimant, and it required that a review of their treatment regimen was to be conducted by a health care professional in the same field. Utilization review must be

completed within 30 days of a request for utilization review. 34 Pa.Code § 127.465(b).[9] Timely review is necessary because the filing of a request for utilization review permits employers to withhold payment to the provider during the review process. *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

■ The Act 44 utilization review process is the exclusive way to challenge medical bills. Neither a WCJ nor the Board has jurisdiction to determine the reasonableness of medical treatment unless and until a report is issued and the URO issues a determination. *Warminster Fiberglass v. Workers' Compensation Appeal Board (Jorge)*, 708 A.2d 517, 521 (Pa.Cmwlth. 1998). Parties may not, even by stipulation, agree to bypass utilization review and proceed directly to a hearing before a WCJ. *Zuver v. Workers' Compensation Appeal Board (Browning Ferris Industries of PA, Inc.)*, 755 A.2d 112 (Pa. Cmwlth.2000).[10]

---

**8.** The Act was amended in 1993 by the Act of July 2, 1993, P.L. 190, *as amended*, effective August 31, 1993. Regulations relating to utilization review and peer review are set forth in 34 Pa.Code §§ 127.401—127.670. Prior to Act 44, an employer that wished to contest the reasonableness and necessity of medical treatment could file a petition to review medical treatment pursuant to repealed Section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii), now repealed. Employers challenged the propriety of the medical bills by filing a petition to review medical treatment with the Bureau of Workers' Compensation (Bureau), but the filing did not act as a supersedeas to payment of bills.

**9.** Upon receipt of a request for utilization review, the Bureau assigns the request to an authorized URO. The URO in turn requests the relevant medical records from treating providers within five days of receipt of the Bureau's notice. 34 Pa.Code 127.457. Upon receipt of the medical records, the URO for-

wards the records to a reviewer licensed by the Commonwealth in the same profession and having the same specialty as the provider under review. 34 Pa.Code 127.466. The reviewer makes the determination on the merits whether the treatment under review is reasonable or necessary. 34 Pa.Code 127.471(a). The reviewer then forwards this determination to the URO, who issues the determination.

**10.** Utilization review is narrow in scope. A URO decides the reasonableness or necessity of the treatment at issue. 34 Pa.Code § 127.406(a). The URO may not decide the causal relationship between the treatment under review and the employee's work-related injury or the issue of whether the employee is still disabled. 34 Pa.Code § 127.406(b)(1)(2). Utilization review is not properly invoked where the employer disputes liability for medical treatment for the reason that it is not causally related to the original work-related injury; such a challenge must be addressed to

If the health care provider, employer, employee or insurer disagrees with the determination of the URO, he may, within 30 days of the UROs determination, seek review by a WCJ. Section 306(f.1)(6)(iv) of the Act, 77 P.S. 531(6)(iv); 34 Pa.Code 127.551. This hearing before the WCJ is a *de novo* proceeding; the WCJ is required to consider the reviewers report as evidence, but he is not bound by it. Section 306(f.1) of the Act, 77 P.S. 531(6)(iv); 34 Pa.Code § 127.556. Further, "[t]he utilization review report shall be part of the record before the workers' compensation judge." Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv). The content of a reviewer's written report is prescribed by regulation. 34 Pa.Code § 127.472 states:

> The written reports of reviewers shall contain, at a minimum, the following elements: a listing of the records reviewed; documentation of any actual or attempted contacts with the provider under review; findings and conclusions; and a detailed explanation of the reasons for the conclusions reached by the reviewer, citing generally accepted treatment protocols and medical literature as appropriate.

In this case, Employer requested utilization review in accordance with the above-described process ordained in Act 44. The URO requested Dr. Behm's records with respect to his treatment of Claimant, but Dr. Behm did not provide them. The effect of that failure is the subject of a regulation, which states:

(a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or necessary, if the conditions set forth in subsection (b) have been met.

(b) Before rendering the determination against the provider, a URO shall do the following:

(1) Determine whether the records were mailed in a timely manner.

(2) Indicate on the determination that the records were requested but not provided.

(3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified mail return receipt from the request for records.

(c) If the URO renders a determination against the provider under subsection (a), it may not assign the request to a reviewer.

34 Pa.Code § 127.464.[11] Because Dr. Behm did not forward his medical records to the URO, a reviewer was never assigned to examine the reasonableness of Dr. Behm's treatments of December 18, 2001, January 15, 2002, and March 12, 2002. It goes without saying that a report with the content prescribed in 34 Pa.Code § 127.472, was never issued.

█ The effect is clear. It was error for the WCJ to conduct a hearing on the URO determination. Although a WCJ is

a WCJ. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery),* 677 A.2d 1314 (Pa.Cmwlth.1996). Utilization review is available only where the employer's liability for a claimant's medical treatment has been established, either by agreement or by litigation; its purpose is to permit oversight of the treatment of an injury and its cost.

11. The URO documented that Dr. Behm was requested to supply the records of Claimant's treatment; that Dr. Behm did not provide them; and it included in the record a copy of the certified mail receipt of the request for Dr. Behm's records. This satisfied 34 Pa.Code § 127.464(b).

not bound by a reviewer's report, there must be a report in the record in order for the *de novo* hearing to take place. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv). Thus, the determination of the URO was final, binding and non-reviewable.[12]

■■■■■ Utilization review is not an alternative to a review by a WCJ, but a mandatory first step in determining whether a provider's treatment is reasonable and necessary. This Court has consistently held that a WCJ lacks subject matter jurisdiction to determine the reasonableness and necessity of medical treatment if the matter has not first gone to utilization review. *Warminster*, 708 A.2d at 521; *Chik–Fil–A v. Workers' Compensation Appeal Board (Mollick)* 792 A.2d 678 (Pa.Cmwlth.2002). The failure of a provider to cooperate in utilization review is the functional equivalent of attempting to vest a WCJ with jurisdiction without first completing a utilization review by stipulation. We hold that if a report by a peer physician is not prepared because the provider has failed to produce medical records to the reviewer, the WCJ lacks jurisdiction to determine the reasonableness and necessity of medical treatment. To hold otherwise would allow a provider to do indirectly what cannot be done directly: confer jurisdiction on the WCJ without following the mandatory utilization review. *See Zuver*, 755 A.2d at 114.

Accordingly, the order of the Board with respect to the reasonableness and necessity of Dr. Behm's treatment is reversed.

### ORDER

AND NOW, this 6th day of June, 2005, the order of the Workers' Compensation Appeal Board dated August 13, 2004, in the above-captioned matter is hereby reversed with respect to the grant of Claimant's utilization review petition.

---

12. An URO determination that is not appealed is final and binding on all parties. *Maroski v. Workers' Compensation Appeal Board (Bethlehem Steel Corp.)*, 725 A.2d 1260 (Pa.Cmwlth.1999); *Florence Mining Co. v. Workers' Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth.1997).