**William MILLER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PAVEX, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 2006.

Decided March 7, 2007.

---

Steven O. Spahr, Harrisburg, for petitioner.

Karen S. Norris, Center Valley, for respondent.

BEFORE: COLINS, President Judge,[1] McGINLEY, Judge, PELLEGRINI, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

William Miller (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision and order of the Workers' Compensation Judge (WCJ), denying Claimant's petition for review of a utilization review determination. We affirm the Board's order.

Claimant suffered an injury in the course of his employment for Pavex, Inc. (Employer). Claimant received weekly compensation benefits pursuant to a Notice of Compensation Payable. Employer requested the Bureau of Workers' Compensation (Bureau) to assign an authorized utilization review organization (URO) to review the reasonableness and necessity of all treatment provided to Claimant, including lumbar ESI and cervical ESI from 9/30/04 and continuing, by William A. Rollé, M.D. and all similar providers in his practice. The Bureau assigned KVS Consulting Services as the URO, which determined the care reviewed was not reasonable and necessary pursuant to 34 Pa.Code § 127.464(a), based on the provider's failure to supply the medical records.[2]

---

1. This case was assigned to the opinion writer prior to the date when President Judge Colins completed his tenure as president judge.

2. 34 Pa.Code § 127.464 provides as follows: Effect of failure of provider under review to supply records.

(a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or

Claimant filed a petition for review of the utilization review determination. While the petition was pending before the WCJ, we issued our decision in *County of Allegheny v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222, 1228 (Pa.Cmwlth.2005). Relying on *Geisler*, the WCJ denied and dismissed Claimant's petition. The WCJ, however, concluded that our holding in *Geisler* is contrary to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, but he lacked authority to issue a contrary ruling. The Board affirmed the WCJ, rejecting Claimant's due process argument and noting that the Board, like the WCJ, is bound by our decision in *Geisler*. Claimant petitioned this court for review.[3]

On appeal, Claimant asserts the application of our holding in *Geisler* violated his fundamental right to procedural due process because it deprived him of a protected property interest without providing administrative or judicial review of the determination.[4] Claimant, therefore, asks us to remand the matter to the WCJ for a *de*

*novo* hearing on his petition to review the URO determination.

In *Geisler*, the claimant filed a utilization review petition with the WCJ after the URO determined the provider's treatment was neither reasonable nor necessary, based on the provider's failure to supply the requested medical records. The claimant appealed to the WCJ, who received additional evidence and determined the provider's treatment was reasonable and necessary. The employer appealed the decision to this court, arguing that the WCJ lacked jurisdiction to review the merits of the URO determination because the determination did not include the reviewer's report. We agreed with the employer, holding that "if a report by a peer physician is not prepared because the provider has failed to produce medical records to the reviewer, the WCJ lacks jurisdiction to determine the reasonableness and necessity of medical treatment." *Geisler*, 875 A.2d at 1228. We based our decision on Section 306(f.1)(6) of the Workers' Com-

necessary, if the conditions set forth in subsection (b) have been met.

(b) Before rendering the determination against the provider, a URO shall do the following:

(1) Determine whether the records were mailed in a timely manner.

(2) Indicate on the determination that the records were requested but not provided.

(3) Adequately document the attempt to obtain records from the provider under review, including a copy of certified mail return receipt from the request for records.

(c) If the URO renders a determination against the provider under subsection (a) it may not assign the request to a reviewer.

3. In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

4. Subsequent to the parties submission of their briefs, we issued our decision in *Gazzola v. Workers' Compensation Appeal Board (Ikon Office Solutions)*, 911 A.2d 662(Pa.Cmwlth.2006), in which we held a WCJ has jurisdiction to determine whether the URO complied with 34 Pa.Code § 127.464(b) in its attempt to obtain the provider's records, as that is not a decision on the merits of whether treatment was reasonable or necessary. We note our decision in *Gazzola* because, at first blush, it appears to be relevant to the resolution of Claimant's due process claim. However, Claimant's brief only asserts a due process right to review on the merits and only seeks remand for a *de novo* hearing. Therefore, the issue of whether the URO properly requested the records is not before this court and *Gazzola* is not applicable.

pensation Act (Act),[5] 77 P.S. § 531(6)(iv), which *requires* that the utilization review report be part of the record before the WCJ, and that the WCJ consider the report as evidence, even though it is not binding. We explained that in situations where the URO renders a determination against the provider based on 34 Pa.Code § 127.464(a), because the provider failed to supply the requested records, the URO may not assign the request to a reviewer under subsection (c), and therefore, the report the WCJ is required to review is never generated. Without the required report the WCJ has nothing to review and lacks jurisdiction to address the necessity or reasonableness of the medical treatment.

■ Against this backdrop, we consider Claimant's due process claim. Claimant's first hurdle in maintaining a due process challenge is to establish the deprivation of a protected property or liberty interest.[6] *Keeley v. Commonwealth of Pennsylvania, State Real Estate Commission*, 93 Pa. Cmwlth. 291, 501 A.2d 1155, 1157 (1985). Only after Claimant establishes the deprivation of a protected interest will we consider whether the deprivation occurred with due process of law. *Id.*

Here, Claimant asserts the Pennsylvania Workers' Compensation Act confers on him a protected property interest in the continued receipt of workers' compensation medical benefits. In support of this position, Claimant analogizes the receipt of workers' compensation medical benefits to the receipt of constitutionally protected federal welfare assistance benefits. See

*Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

■ When an individual alleges a protected property interest in the receipt of a state created benefit, the individual must establish more than a mere expectation to it; the individual must demonstrate an actual entitlement to it. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). An entitlement exists when there is an unqualified right to receive the benefit or when all qualifications necessary to its receipt are satisfied. *American Manufactures Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

In *Sullivan*, the question before the Supreme Court was whether the Due Process Clause required workers' compensation insurers to pay disputed medical bills prior to a determination that the medical treatment was reasonable and necessary. *Id.* at 59, 119 S.Ct. 977. The employees asserted that under Pennsylvania's workers' compensation law they had a protected property interest in the payment of workers' compensation medical benefits. They argued that once the employer's liability was established for the work injury the employer was obligated to pay the medical benefits because the benefits constituted a property interest that could not be withheld without providing due process.

Distinguishing *Goldberg*, the Supreme Court rejected the employees' argument, noting that the employees' property interest was fundamentally different because Pennsylvania law did not entitle employees to payment for all medical treatment once liability attached, but only "necessary" and

---

5. Act of June 2, 1915, P.L. 736, *as amended.*

6. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, in pertinent part: "[N]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

"reasonable" medical treatment. *Id.* at 60, 119 S.Ct. 977 (citing 77 P.S. § 531). Employing a two-part test, the Supreme Court held the employees did not have a protected property interest because, although the employees cleared the first hurdle and established employer liability for the injury, they had not yet cleared the second hurdle and established that the particular medical treatment was reasonable and necessary. *Id.* at 61, 119 S.Ct. 977.

In the present case, Claimant occupies the same middle ground as the employees in *Sullivan.* Claimant has met the threshold requirement and established Employer liability for the work injury (via the Notice of Compensation Payable), but he has not yet established that the treatment provided by William A. Rollé, M.D. was necessary and reasonable. As the Supreme Court explained, the Act does not entitle an employee to workers' compensation benefits unless and until that determination is made. To date that determination has not been made. Consequently, Claimant is not entitled to the continued receipt of workers' compensation medical benefits and they do not constitute property for purposes of his due process claim. We, therefore, dismiss Claimant's due process claim for failing to establish a protected interest, and we do not reach the questions of whether our decision in *Geisler* deprived Claimant of a protected interest or, whether the alleged deprivation occurred with due process of law.

### ORDER

AND NOW, this 7th day of March 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.