**Craig STAFFORD, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ADVANCED PLACEMENT SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2007.

Decided Sept. 21, 2007.

Craig A. Markham, Erie, for petitioner.

Francis A. Veltri, Butler, for respondent.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Craig Stafford (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that affirmed a decision by a Workers' Compensation Judge (WCJ) that he lacked jurisdiction to hear Claimant's appeal of a utilization review determination. In this appeal, we consider whether a WCJ has jurisdiction to review the reasonableness and necessity of Claimant's medical treatment where, as here, Claimant's provider failed to provide medical records to a Utilization Review Organization (URO) but a written report is, nevertheless, prepared by a peer review physician. For the reasons set forth below, we affirm.

On June 12, 2001, while employed by Advanced Placement Services (Employer), Claimant fell from a scaffold and landed on his left side. Employer issued a Notice of Compensation Payable accepting Claimant's multiple injuries. Thereafter, Claimant filed a petition for review, seeking to amend the NCP to include an injury to his cervical spine. After a hearing, the WCJ granted Claimant's review petition.

Several months after the WCJ rendered his decision, Employer filed a request for utilization review of the medical treatment provided to Claimant by Dr. Paul Heberle, from July 18, 2002, and thereafter to treat Claimant's cervical spine. The Bureau of Workers Compensation assigned Employer's request to a URO, Quality Assurance Reviews, Inc. Although the URO was unable to obtain Dr. Heberle's medical records, the URO assigned Employer's request to a reviewing physician, Dr. Paul Miller, D.O. He issued a report that stated, in relevant part, as follows:

Paul Heberle, DO, did not submit records for this review. Therefore there is no medical information provided from Dr. Heberle, which would detail his clinical encounters with the patient . . .

Established treatment protocols cannot be addressed because there is no diagnosis provided from the provider under review

. . .

Due to the lack of records submitted by Paul Heberle, DO, there is no way to effectively evaluate if all treatment and medications . . . were reasonable and necessary.

Therefore, all treatment and medications provided by Paul Heberle DO to [Claimant] from 7/18/02 and into the future is not reasonable and unnecessary.

Reproduced Record at 9a. Based on this report, the URO issued a determination concluding that Dr. Heberle's treatment was not reasonable and necessary.

Claimant petitioned for review of the URO's determination. The WCJ concluded that the URO's assignment to Dr. Miller was improper because the regulation at 34 Pa.Code § 127.464 precludes a substantive review if a provider fails to provide medical records to the URO.[1] The WCJ

1.  The regulation states:

(a) If the provider under review fails to mail

held that notwithstanding Dr. Miller's report, he lacked subject matter jurisdiction, relying upon *County of Allegheny (John J. Kane Center–Ross) v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth.2005). The Board affirmed, and the present appeal followed.

On appeal,[2] Claimant presents three issues for our consideration. First, he contends that the present matter is factually distinguishable from *Geisler* because here a report was filed by a reviewing doctor. Further, Claimant contends that he will be responsible for the medication prescribed by Dr. Heberle through his third party health insurer and, thus, will be disadvantaged by the URO's determination with respect to Dr. Heberle's prescribed treatment. Second, he contends that *Geisler* was wrongly decided. Third, he contends that the application of *Geisler* to his case violates his due process right to a hearing on his petition.

We begin with a review of *Geisler*. In that case, a URO determined the provider's treatment was neither reasonable nor necessary because the provider failed to provide the requested medical records, and the claimant appealed to the WCJ. After a hearing on the merits, the WCJ concluded that the provider's treatment was reasonable and necessary. The employer appealed the decision to this Court, arguing that the WCJ lacked jurisdiction to review the

records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or necessary, if the conditions set forth in subsection (b) have been met.
(b) Before rendering the determination against the provider, a URO shall do the following:
(1) Determine whether the records were mailed in a timely manner.
(2) Indicate on the determination that the records were requested but not provided.
(3) Adequately document the attempt to obtain records from the provider under re-

merits of the URO determination. We agreed with the employer, holding that "if a report by a peer physician is not prepared because the provider has failed to produce medical records to the reviewer, the WCJ lacks jurisdiction to determine the reasonableness and necessity of medical treatment." *Id.* at 1228.

■ Claimant contends that his case is different from *Geisler* because Dr. Miller actually prepared a written report, the existence of which allows for a *de novo* review by a WCJ. Claimant acknowledges, as he must, that Dr. Miller's report concluded that there was no way to evaluate the reasonableness and necessity of Dr. Heberle's treatment because Dr. Miller never received Claimant's medical records from Dr. Heberle. Nevertheless, Claimant argues that because the physician assigned to do the peer review reached this conclusion, as opposed to the URO itself, an appeal to a WCJ is appropriate. We disagree.

The applicable regulation sets forth the requirements of a peer review report. It states as follows:

The written reports of reviewers shall contain, at a minimum, the following elements: a listing of the records reviewed; documentation of any actual or attempted contacts with the provider under re-

view, including a copy of the certified mail return receipt from the request for records.
(c) If the URO renders a determination against the provider under subsection (a), it may not assign the request to a reviewer.
34 Pa.Code § 127.464.

2. Our review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Geisler*, 875 A.2d at 1226, n. 7.

view; findings and conclusions; and a detailed explanation of the reasons for the conclusions reached by the reviewer, citing generally accepted treatment protocols and medical literature as appropriate.

34 Pa.Code § 127.472. Dr. Miller's report contained none of these elements because Dr. Miller had no records to review. As in *Geisler*, the challenge to the reasonableness and necessity of Claimant's medications and treatment before the URO was never addressed substantively, and the WCJ lacked jurisdiction to review the URO determination.

Claimant also argues that the policy considerations identified in *Geisler* do not pertain here. Specifically, it was observed in *Geisler* that Section 306(f.1)(7) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(7),[3] punishes the doctor who does not produce his records. This is because the provider, whose services are found not to be reimbursable, cannot then turn around and pursue the claimant for unpaid invoices. Claimant contends that regardless of what happens to Dr. Heberle's invoices, his private health insurer will have to pay for the prescriptions and

that will leave a burden upon Claimant (presumably for the deductible).[4]

However, we are not free to revise the Act because it does not perfectly carry out a policy. *See Gustine Uniontown Associates v. Anthony Crane Rental, Inc.*, 577 Pa. 14, 34, 842 A.2d 334, 347 (2004) (noting "the courts of this Commonwealth may not refuse to enforce on grounds of public policy that which the legislature has prescribed.") (quoting *Pantuso Motors, Inc. v. CoreStates Bank, N.A.*, 568 Pa. 601, 610, 798 A.2d 1277, 1283 (2002)). Under the Act, the reasonableness and necessity of prescribed medication is determined by the URO, and the URO's determination is non-reviewable in the absence of a peer review evaluation based upon the records of the physician who prescribed the treatment. *Geisler*, 875 A.2d at 1228. Claimant is not without recourse. He may seek treatment with another physician who will be more forthcoming should Employer challenge this course of medical treatment in the future.

Claimant next contends that *Geisler* was wrongly decided, arguing that it is inconsistent with the Act. We disagree.

*Geisler* was based upon the express language of Section 306(f.1)(6) of the Act, 77

---

3. Section 306(f.1)(7) of Act provides:

A provider shall not hold an employe liable for costs related to care or service rendered in connection with a compensable injury under this act. A provider shall not bill or otherwise attempt to recover from the employe the difference between the provider's charge and the amount paid by the employer or the insurer.

77 P.S. § 531(7).

4. Contrary to the dissent's assertion that prescription costs paid by Claimant are the only things under review and that no funds are due Dr. Heberle, the UR request involved both prescriptions and treatment rendered by Dr. Heberle. Therefore, Dr. Heberle was at risk of not receiving payment if he did not provide his medical records. In the WCJ's January

22, 2004, decision granting Claimant's review petition, there is no mention of Dr. Heberle and no mention of any prescriptions Claimant received to treat his cervical spine problem. Moreover, there is no evidence in the 2004 decision or the instant WCJ's decision that Claimant had any out-of-pocket prescription expenses.

The dissent concludes that Claimant is entitled to "establish his claim despite Dr. Heberle's failure to provide records to the reviewer." Dissenting opinion at 145. Quite simply, Claimant has no claim to pursue in a utilization review without Dr. Heberle's records. If Employer is refusing to pay for work-related prescriptions, Claimant must file a petition to review medical treatment in order to compel Employer to pay.

P.S. § 531(6)(iv),[5] which *mandates* that the utilization review report be part of the record before the WCJ. Section 306(f.1)(6)(iv) also directs the WCJ to admit the report into evidence; however, the report's conclusions are not binding on the WCJ. 77 P.S. § 531(6)(iv). The holding in *Geisler* is also firmly based upon the applicable regulation, which directs the URO to find treatment not reasonable and not necessary whenever the provider fails to supply the medical records within 30 days of the URO's request. 34 Pa.Code § 127.464(a).[6] Indeed, the regulation forbids a URO from assigning the request to a reviewer where medical records have not been timely provided to the treating physician. 34 Pa.Code § 127.464(c). In the absence of a peer review report on the substantive merits of medical treatment, there is nothing for a WCJ to review.[7] We see no error in *Geisler* and no reason to refer this case to the Court *en banc*, which is the only way this Court may overturn one of its holdings.

■ Finally, Claimant contends that the WCJ's reliance on *Geisler* has violated his due process rights. Claimant contends that he seeks the opportunity for some kind of hearing on his claim for benefits. *Soja v. Pennsylvania State Police*, 500 Pa. 188, 194, 455 A.2d 613, 615 (1982) (the "essential elements [of due process] are 'notice and opportunity to be heard and to defend in an orderly proceeding adapted to

5. Section 306(f.1)(6) of the Act provides in relevant part:

... disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

* * *

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. *The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.*
77 P.S. § 531(6) (emphasis added).

6. The regulation states, in relevant part, as follows:

(a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, *the URO shall render a determination that the treatment under review was not reasonable or necessary . . . .*

* * *

(c) If the URO renders a determination against the provider under subsection (a), it may not assign the request to a reviewer.
34 Pa.Code § 127.464(a), (c) (emphasis added).

7. The only exception to this principle is where a claimant or a provider asserts that medical records were timely provided to the URO in accordance with the URO's request. *See, Gazzola v. Workers' Compensation Appeal Board (Ikon Office Solutions)*, 911 A.2d 662 (Pa.Cmwlth.2006). Claimant does not claim that Dr. Heberle actually forwarded his medical records to the URO.

the nature of the case before a tribunal having jurisdiction of the cause.' ").

■ Procedural due process requires that one have an identifiable property right or liberty interest. *Pennsylvania Interscholastic Athletic Association, Inc. v. Greater Johnstown School District,* 76 Pa.Cmwlth. 65, 463 A.2d 1198, 1201 (1983). In *Miller v. Workers' Compensation Appeal Board, (Pavex, Inc.),* 918 A.2d 809 (Pa.Cmwlth.2007), this Court concluded that a claimant does not have a protected property interest in medical benefits not yet determined to be reasonable and necessary. Claimant is in the same position as the claimant in *Miller.* Claimant has established Employer's liability for his cervical spine injury, but he has not established that Dr. Heberle's course of treatment for that injury is necessary and reasonable. Until Claimant does so, he is not entitled to have that treatment paid for by Employer. *American Manufactures Mutual Insurance Company v. Sullivan,* 526 U.S. 40, 61, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Claimant's due process claim is unfounded because he has no right to medical treatment that has been found unreasonable and unnecessary.[8]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 21st day of September, 2007, the order of the Workers' Compensation Appeal Board dated February 23, 2007, in the above captioned matter is hereby AFFIRMED.

### DISSENTING OPINION BY Judge SMITH–RIBNER.

The majority affirms the order of the Workers' Compensation Appeal Board (Board) agreeing with the Workers' Compensation Judge (WCJ) and dismissing Claimant's petition to review the adverse utilization review determination finding that his treatment and all dosages/frequencies of his medications were not reasonable and necessary from July 18, 2002 and into the future. Claimant is being treated for injuries sustained on June 12, 2001 when he fell about twelve feet from a scaffold at work and landed on a cement floor, resulting in breaks to various parts of his body and five surgeries over the next two years on his left shoulder, left wrist. and left elbow. Employer failed to pay for portions of Claimant's prescription costs, and he seeks review of the Board's decision to affirm dismissal of the petition to review.

The Board expressed concern that the result it reached in Claimant's case was "seemingly harsh," but it nonetheless concluded that it was bound to follow the Court's decision in *County of Allegheny v. Workers' Compensation Appeal Board (Geisler),* 875 A.2d 1222 (Pa.Cmwlth.2005) (holding that a WCJ lacks jurisdiction to determine reasonableness and necessity of medical treatment if a report by peer physician is not prepared because provider failed to produce medical records to reviewer). Dr. Paul Heberle, medical provider, did not provide his records to the utilization review organization, and Dr. Paul Miller, the reviewer, consequently issued the report finding that Dr. Heberle's treatment, including medications, was unreasonable and unnecessary.

Employer filed its utilization review request in August 2004 pertaining to all treatment and medications prescribed by Dr. Heberle from July 18, 2002 and into the future. Claimant was treated with

---

**8.** In any case, Claimant's reliance on *Soja* is misplaced. *Soja* involved the right of a state trooper to continue his employment with the Pennsylvania State Police, which unquestionably involved an identifiable property right. *Soja,* 500 Pa. at 193, 455 A.2d at 615.

pain medication for his work injury, but Employer refused to pay the prescription costs thereby forcing Claimant to pay. In dismissing Claimant's petition to review, the WCJ stated that he "will not reward the failure of the provider under review to cooperate with the URO by accepting jurisdiction and allowing the provider under review to obtain an initial review of his records by a[WCJ]." WCJ's Findings of Fact No. 6, § 2. I agree with Claimant that this is not a case of rewarding Dr. Heberle because the invoices under review are not those of Dr. Heberle but rather are the prescription costs that Claimant was required to pay.[1] No funds are due Dr. Heberle, and the legislative purpose behind Act 44 therefore does not govern the outcome of this case.

The dismissal of Claimant's petition to review the utilization review determination constitutes a clear denial of his due process rights, contrary to the majority's conclusion, which forecloses any further efforts by Claimant to obtain reimbursement from Employer of the prescription costs that Claimant was required to pay to treat his work injury. The majority's decision under these circumstances is more than "seemingly harsh." Rather, it represents a blatant denial of Claimant's due process rights to a hearing to protect his interests because of the mechanical application of the principle stated in *Geisler* and the erroneous application of the reasoning in *Miller v. Workers' Compensation Appeal Board (Pavex, Inc.)*, 918 A.2d 809 (Pa. Cmwlth.), *appeal denied*, 929 Pa. 646, 929 A.2d 646 (2007), which denied a claimant's due process claim because he failed to establish the deprivation of a protected interest, *i.e.*, an actual entitlement. Claimant submits that he is entitled to a hearing and merely seeks an opportunity to establish his claim despite Dr. Heberle's failure to provide records to the reviewer. Nei-

---

1. In an effort to rebut the dissent, the majority in a footnote suggests that because Employer requested utilization review of Claimant's treatment and his prescriptions Dr. Heberle was at risk of not receiving payment for failure to provide his medical records. Also pertinent, in the majority's view, is the fact that WCJ Edward Pastewka's January 22, 2004 decision granting the review petition filed by Claimant did not mention prescriptions to treat his cervical spine nor did that decision or the current decision by WCJ Albert Wehan, III refer to Claimant's out-of-pocket expenses for prescriptions. The obvious reason for any omission of prescription costs in both decisions is that in the first the only issue was whether Claimant injured his cervical spine in the June 2001 fall, and in the second the determination dealt solely with the lack of jurisdiction because the utilization review organization and the utilization reviewer did not receive Dr. Heberle's medical records.

In both instances, there was no basis for determining Claimant's prescription costs. Nonetheless, there is no dispute that Claimant was required to pay for his pain medications to treat his work injuries or to make the required co-payments once he became insured under his wife's insurance plan in July 2003. *See* Notes of Testimony, December 15, 2004 hearing. Nor is there any dispute that Claimant's petition for review was based solely upon Employer's failure to reimburse Claimant for prescription costs to treat his work injuries, and there is no request by Dr. Heberle for review of the adverse utilization review determination.

The most disturbing aspect of this case, however, is the increasing failure of the Court to apply the humanitarian purposes of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626, to the detriment of the injured worker and to the destruction of the concept of liberal construction of the Act. *See Sell v. Workers' Compensation Appeal Board (LNP Eng'g)*, 565 Pa. 114, 771 A.2d 1246 (2001) (holding that the Act is remedial in nature, intended to benefit injured workers and is to be liberally construed). There is no express statutory prohibition against a WCJ's resolving a claim for reimbursement where a claimant, as here, has been required to pay his own funds for prescription costs for treating undisputed work injuries.

ther *Geisler* nor *Miller* has decided this issue. I therefore dissent.