LOC, INC. and Nationwide Insurance/Wausau Insurance Company, Petitioners

v.

**WORKERS' COMPENSATION APPEAL BOARD (GRAHAM),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 2007.

Decided Nov. 8, 2007.

James T. Weikel, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: COLINS, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COLINS.

Loc, Inc. and Nationwide Insurance Company/Wausau Insurance (Petitioners) appeal from the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge Carmen F. Lugo (WCJ) that granted the Petition for Review of a Utilization Review (UR) Determination filed by Michael Graham (Claimant), *pro se.*

Claimant suffered a work injury, a sprained lower back, in May, 1998. The parties entered into a Compromise and Release Agreement as to Claimant's indemnity benefits, with Petitioners remaining responsible for ongoing medical expenses. Petitioners filed a UR Request in June, 2005. The Utilization Review Organization (URO) assigned the matter to Dr. Stephen Thomas. On August 21, 2005, Dr. Stephen Thomas issued a UR Determination stating that the absence in the medical record of the requisite information for the chronic prescription of opioid or other analgesics makes the treatment under review of Dr. Joseph Thomas not medically reasonable and necessary from April 14, 2005, and ongoing. Dr. Stephen Thomas' UR indicates that:

> The Pennsylvania State Board of Medicine Guidelines for Prescription of Opioids for Chronic Pain ... requires dose, frequency, frequency of prescription, treatment effect, and regular follow-up be included as part of the necessary documentation for the prescription

of chronic opioid analgesics. This information is not contained in the records received for review. Further, there is no documentation of significant efficacy of the medications prescribed or their actual prescription in the medical records as required by the Pennsylvania Code cited below.

(Utilization Review of Dr. Stephen Thomas, August 21, 2005, Exhibit # 1.) Claimant filed a Petition for Review. At hearings before the WCJ, Claimant presented the testimony of Dr. Joseph M. Thomas, who is board certified in anesthesiology and pain management and has treated Claimant since 1992. In his Findings of Fact, the WCJ indicated that Petitioners' counsel objected to Dr. Joseph Thomas' testimony based on this Court's decision in *County of Allegheny (John J. Kane Center–Ross) and UPMC–Work Partners v. Workers' Compensation Appeal Board (Geisler),* 875 A.2d 1222 (Pa.Cmwlth.2005). The WCJ noted:

> This Judge overruled the objection and held that *Geisler* did not apply inasmuch as the reviewer in this case did have records from Dr. Joseph Thomas for the period November 7, 1992 through June 15, 2005 including office notes and procedure notes. The fact that the reviewer may not have had all the office notes does not make the instant case in any way factually similar to *Geisler.*

(Decision of the WCJ, May 24, 2006, Finding of Fact No. 3, p. 1.) The WCJ granted Claimant's Petition for Review, finding the treatment at issue to be reasonable and necessary, and ordering Petitioners to pay for the treatment rendered by Dr. Joseph Thomas from April 14, 2005 and ongoing, including but not limited to prescriptions and office visits, until such time as Claimant's disability ceases or changes. On appeal, the Board agreed with the WCJ's

reasoning in dismissing Petitioners' *Geisler* motion, and found that based upon its review of the record, including the testimony of Dr. Joseph Thomas, the WCJ had substantial evidence to support her grant of Claimant's Petition.[1]

This appeal followed.[2] Petitioners first argue that when Dr. Joseph Thomas did not provide his entire medical chart, the UR process was circumvented; by considering Claimant's Petition for Review, Petitioners assert, the WCJ vested jurisdiction in herself even though the UR process was not properly completed. Petitioners argue that this Court's decision in *Geisler* controls the case *sub judice*. However, in *Geisler*, we considered whether it was appropriate for a WCJ to consider the claimant's petition in light of the fact that his provider *never provided his records* to the URO. In *Geisler*, the provider failed to forward his medical records to the URO, and a reviewer was never assigned to examine the reasonableness of the provider's treatments.[3] No report from a reviewing physician was issued due to this failure; in the absence of a reviewer's report, there was nothing for a WCJ to review on appeal. Thus, we held that "if a report by a peer physician is not prepared because the provider has failed to produce medical records to the reviewer, the WCJ lacks jurisdiction to determine the reasonableness and necessity of medical treatment." *Geisler*, 875 A.2d at 1228.

The report prepared by Dr. Steven Thomas includes a lengthy listing of the records he received from the provider, including initial evaluation, progress notes, and procedure notes from 1992 through June 15, 2005, together with three full paragraphs setting forth Claimant's medical history. In his report, Dr. Steven Thomas notes the various medications prescribed by Dr. Joseph Thomas since 1993. He indicates that in a progress note of June 15, 2005, Dr. Joseph Thomas noted Claimant's ongoing back and leg complaints, paravertebral tenderness, and weakness of dorsiflexion and plantar flexion on the left. The report quotes a portion of the provider's progress note in which he indicates a treatment plan to "continue on mild analgesic and muscle relaxant. He is also on Neurontin and is taking Vistaril with the analgesic." In his report, Dr. Steven Thomas further notes that during a telephone consultation requested by Dr. Joseph Thomas, Dr. Joseph Thomas reported to him that he saw Claimant twice a year for his medication, and he had been prescribing Claimant the

---

1. In its appeal to the Board, Petitioners argued that the WCJ, lacking jurisdiction, erred by permitting Dr. Joseph Thomas to testify. In its opinion, the Board noted that a UR Petition hearing before the WCJ is a *de novo* proceeding, and a defendant may choose to rely on the UR report, but either party is free to offer evidence beyond that considered in the initial UR process in meeting their burden of proof, citing *Seamon v. Workers' Compensation Appeal Board (Sarno and Son Formals)*, 761 A.2d 1258 (Pa.Cmwlth.2000) (Board's Opinion, February 23, 2007, p. 3.)

2. In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

3. Upon receipt of a request for utilization review, the Bureau of Workers' Compensation (Bureau) assigns the request to an authorized URO. The URO requests the relevant medical records from treating providers within five days of receipt of the Bureau's notice. *34* Pa.Code 127.457. Upon receipt, the URO forwards the records to a reviewer licensed by the Commonwealth in the same profession and having the same specialty as the provider under review. *34* Pa.Code 127.466. The reviewer makes the determination on the merits whether the treatment under review is reasonable or necessary. *34* Pa.Code 127.471(a).

following medications/dosages: Lorcet 10/650 mg four times daily, Skelaxin 400 mg three times daily, Neurontin 300 mg three times daily, Vistaril 50 mg three times daily as needed, and Elavil 150 mg nightly. We concur with the Board; the WCJ did not lack jurisdiction to hear the case because medical records were supplied to the URO, and the reviewer's report was issued; therefore, *Geisler* does not apply.

Petitioners further argue that the Board erred when it relied upon testimony of Dr. Joseph Thomas that documentation as to medications/dosages prescribed, that he failed to provide to the URO, was not the type of information that he would have provided to the workers' compensation insurer. Dr. Joseph Thomas testified that the only records he did not supply to the URO were computer printouts that logged every prescription that he wrote for Claimant. (Notes of Testimony, January 20, 2006, pps. 28–30.) The WCJ asked Dr. Joseph Thomas a series of questions about these computer records, and in response to the WCJ's question "This is not a medical record that you normally send to the workers' compensation insurance carrier; is that correct," Dr. Joseph Thomas responded, "No, that's correct." (N.T., p. 30.) Dr. Joseph Thomas testified that he had been seeing Claimant three times a year; he testified at length about the types of medications he prescribed for Claimant and indicated that in his opinion, Claimant will be required to receive these types of medications for the rest of his life.

The WCJ found Dr. Joseph Thomas' testimony to be credible as to the reasons why he has prescribed the described medications, and noted that, because Dr. Joseph Thomas has treated Claimant on a regular basis since 1992, he is in the best position to evaluate Claimant's condition and the effects of the medication upon him.

The WCJ further noted that Dr. Steven Thomas acknowledged that the medications at issue are reasonable to treat the types of problems the Claimant has. (Decision of the WCJ, Finding of Fact No. 7, p. 3.) Based upon our review of the record, we find that the WCJ had substantial evidence to support her grant of Claimant's UR Petition.

Accordingly, considering that substantial evidence of record supports the WCJ's decision and that the WCJ's credibility determinations are not subject to appellate review, the Board's order affirming the WCJ's decision is affirmed.

### ORDER

AND NOW, this 8th day of November 2007, the order of the Workers' Compensation Appeal Board entered in the above-captioned matter is AFFIRMED.