**John LINDTNER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ACME MARKETS AND BROADSPIRE SERVICES, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 18, 2008.

Decided June 11, 2008.

Robert A. Sloan, Philadelphia, for petitioner.

Marta J. Guhl, Philadelphia, for respondents.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

John Lindtner (Claimant) petitions for review from an order of the Worker' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his two Petitions for Review of Utilization Review Determination (UR Petition). We affirm.

Claimant sustained an injury in the course and scope of his employment on August 20, 1991. Employer acknowledged lumbar disc disease with L4–5 radiculopathy in a Notice of Compensation Payable.

On September 16, 2004, Employer filed a Utilization Review Request (UR Request) seeking to determine the reasonableness and necessity of treatment provided Claimant by Mark D. Avart, D.O. from August 5, 2004 and ongoing. This matter was assigned to a utilization review organization (URO) that, in turn, requested Dr. Avart's medical records. In response, Dr. Avart returned one progress note regarding Claimant's treatment dated August 5, 2004. The URO assigned the matter to Mitchell E. Antin, D.O., who found all the treatment under review unreasonable and unnecessary. In his report, Dr. Antin indicated that other than providing one progress note, Dr. Avart's failure to provide medical documentation for him to review was the predominant basis for his determination.[1]

Upon receipt of Dr. Antin's report, the URO issued a utilization review face sheet indicating that the treatment under review was neither reasonable, nor necessary. The URO did not check off the box that indicated the treatment under review is neither reasonable, nor necessary "pursuant to 34 Pa.Code § 127.464 relating to the effect of failure of the provider under review to supply records." Claimant was provided a copy of this face sheet as well as Dr. Antin's report.

Claimant subsequently filed a UR Petition seeking review of the reasonableness and necessity of the treatment of Dr. Avart.[2] In order to meet its burden on the UR Petition, Employer submitted the report of Dr. Antin as well as two reports of Wilhelmina C. Korevaar, M.D. In opposition, Claimant presented his own testimony, a packet of medical records of Dr. Avart, and a report of Dr. Avart dated October 20, 2005.

By a decision dated May 12, 2006, the WCJ denied Claimant's Petitions based on a lack of jurisdiction pursuant to *County of Allegheny v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth.2005)(holding that in the event that an unfavorable URO determination is made due to the provider's failure to supply medical records, the determination may not be appealed as the matter should not have been assigned to a reviewer and no report should have been generated). The WCJ acknowledged that a report was issued by a reviewer in this instance. Nonetheless, she determined that the contents of the report indicate that no substantive review took place.

In the alternative, the WCJ credited the reports of Dr. Korevaar and the report of Dr. Antin over the evidence submitted by Claimant. Consequently, the WCJ determined that Employer nonetheless met its

1. In his report, Dr. Antin indicated:
   *Findings based upon the material reviewed indicate a diagnosis of myocitis ...*
   As noted above, only one medical record was submitted for review from provider under review and no records from any secondary providers.
   In conclusion, any and all treatment from 08–05–04 and ongoing by Mark D. Avart D.O. and any and all of like specialty (Philadelphia Orthopedic Group) is considered medically unreasonable and unnecessary. This conclusion is based upon failure to respond to conservative treatment over many years, lack of documentation and lack of treatment plan. The continuation of re-

petitive office visits for the purpose of verbal care and renewal of unknown pain medications with insufficient documentation to support continuing and ongoing medical care is medically unreasonable and unnecessary. Intra-muscular cortisone injections are clinically ineffective and not indicated as part of a chronic pain management protocol.
Employer's Exhibit No. 1. (Citation for this item is made to the original record as it is not contained in the reproduced record. This is permissible pursuant to Pa. R.A.P. 2152(c)).

2. Claimant filed this Petition in duplicate.

burden of proof in this matter and denied Claimant's UR Petitions.

Claimant appealed the WCJ's Decision to the Board. The Board concluded that the WCJ erred in finding she did not have jurisdiction to entertain Claimant's Petitions. It acknowledged the language in *Geisler* that "if a report by a peer physician is not prepared because the provider has failed to produce medical records to the reviewer, the WCJ lacks jurisdiction to determine the reasonableness and necessity of medical treatment." *Geisler,* 875 A.2d at 1228. The Board concluded, however, that Dr. Avart's August 5, 2004 prog-

ress note was provided for purposes of facilitating review. Moreover, it referenced the fact that Dr. Antin prepared a report. As such, it found *Geisler* inapplicable. The Board nonetheless affirmed the WCJ's Decision. It noted that the WCJ alternatively found that Employer met its burden of proving the treatment provided by Dr. Avart was unreasonable and unnecessary and that that determination was supported by substantial, competent evidence. This appeal followed.[3]

Claimant argues on appeal that the WCJ failed to consider all of his medical evidence and that her findings are inconsistent.[4] Specifically, Claimant directs us to

3. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Sysco Food Serv. of Phila. v. Workers' Compensation Appeal Board (Sebastiano),* 940 A.2d 1270 (Pa. Cmwlth.2008).

4. Although it is not discussed by the parties, we acknowledge, as indicated by the WCJ and the Board, that there is an issue as to whether the WCJ had jurisdiction to hear Claimant's UR Petitions in the first place. Jurisdictional issues may be raised *sua sponte* and at any time by an appellate court. *Universal AM-CAN v. Workers' Compensation Appeal Board (Minteer),* 870 A.2d 961 (Pa.Cmwlth.2005). *See also Ludwikowski v. Workers' Compensation Appeal Board (Dubin Paper Co.),* 910 A.2d 99 (Pa.Cmwlth.2006).

In *Geisler,* this Court determined that when a provider under review fails to supply his medical record to the URO for the purpose of facilitating review, the WCJ lack jurisdiction to entertain a claimant's UR Petition. We explained that Section 127.464(a) of the Medical Cost Containment Regulations, 34 Pa. Code § 127.464(a), provides that if the provider under review fails to mail his records to the URO within thirty days of the date of the request, the URO shall issue a determination finding the treatment unreasonable and unnecessary. *Geisler,* 875 A.2d at 1227. Moreover, we stated that Subsection (c) of that section provides that if a URO renders a determination adverse to the claimant under subsection (a), it may not assign the request

to a reviewer. *Id.* Taking into consideration the fact that no report was issued in light of the provider's failure to supply his medical records, we stated *de novo* review could not take place. *Id.* We reasoned that although the WCJ is not bound by a reviewer's report, he is required to consider it as per Section 306(f. 1)(6)(iv) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(6)(iv). *Id.* at 1227–8.

Subsequent to *Geisler,* this Court issued *Stafford v. Workers' Compensation Appeal Board (Advanced Placement Serv.),* 933 A.2d 139 (Pa.Cmwlth.2007), wherein we considered whether a WCJ has jurisdiction to review the reasonableness and necessity of a claimant's medical treatment where the claimant's provider failed to provide medical records to the URO but a written report is nevertheless prepared by a reviewing physician. We held that despite the fact that a report was issued, the WCJ was nonetheless without jurisdiction to hear the claimant's UR Petition. *Id.* at 142. We indicated that because the reasonableness and necessity of the claimant's medications and treatment was never addressed substantively, *Geisler* controlled. *Id.* at 143.

The employer in *Loc, Inc. v. Workers' Compensation Appeal Board (Graham),* 936 A.2d 1213 (Pa.Cmwlth.2007) attempted, unsuccessfully, to extend the holding of *Geisler* to instances where the provider under review failed to supply all of his medical records. Based on the doctrine of *stare decisis,* we are bound to follow this decision and conclude that the Board was correct in concluding the

a hearing held August 4, 2005 whereupon Claimant's counsel attempted to submit two packets of Dr. Avart's medical records into the record. Certified Record (C.R.) at 14. The first packet contained treatment records for the period of August 23, 1991 through June 23, 1993. The second packet contained records from June 26, 1996 through April 7, 2005. The WCJ stated "[w]hy don't we take the packet as a whole and mark it C–2." Id. Employer's counsel objected to the submission of any records prior to January 7, 2000 on the basis that he was not provided with the same. Id. Following argument, the WCJ noted "[t]he objection to C–2 is overruled. C–2 is admitted." C.R. at 17.

Despite the fact that in overruling counsel's objection, the WCJ admitted cumulative medical records from August 23, 1991 through April 7, 2005, she indicated on the "Witnesses & Exhibits" page that precedes her Decision that Claimant's Exhibit No. 2 is a "Packet of Medical Records from Dr. Avart thru 1993." C.R. at 54. Moreover, in Finding of Fact No. 20, the WCJ stated that in submitting its preserved objections, Employer again objected to the admission of Claimant's Exhibit No. 2. C.R. at 59. The WCJ "sustained" this objection.[5] Id.

We concede that based on the information cited, it appears that the WCJ, at best, did not consider any medical records after June 23, 1993 or, at worst, did not consider Dr. Avart's medical records at all. Nonetheless, the substance of the WCJ's Decision belies this assumption.

In Finding of Fact No. 11, the WCJ states:

> Also in support of his Petition and in opposition to Employer's burden, Claimant submitted a packet of medical records. These records, which were marked collectively as Exhibit C–2, can be summarized as follow (sic):
>
> a. Dr. Avart initially saw Claimant on August 23, 1991 ... In recent years, he has treated with Dr. Avart approximately once every three months.
>
> b. Over the course of fourteen years of treatment, there has been very little variation in Claimant's complaints, Dr. Avart's findings on physical examination and Dr. Avart's recommendations for treatment of Claimant.

C.R. at 58a.

Section 422(a) of the Act, 77 P.S. § 834, provides in pertinent part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision con-

WCJ had jurisdiction to hear Claimant's UR Petition based on the fact that Dr. Avart did supply his August 5, 2004 progress note. *Pries v. Workers' Compensation Appeal Board (Verizon Pa.)*, 903 A.2d 136, 144 (Pa.Cmwlth. 2006). In so stating, we acknowledge that although it would clearly have been preferable had more records been provided, Dr. Antin was able to at least touch upon Dr. Avart's treatment substantively as opposed to solely issuing a report stating that treatment was unreasonable and necessary because he had no records to review. We reiterate that Dr. Antin was aware of Dr. Avart's diagnosis of myocitis and references the fact that, in his opinion, cortisone injections are clinically ineffective and not indicated as part of a chronic pain management protocol.

5. Section 131.66(b) of the WCJ Rules instructs that objections made during a *deposition* shall be preserved in a separate writing and submitted prior to the close of the evidentiary record. 34 Pa.Code 131.66(b). Because the WCJ conducted the August 4, 2005 hearing and ruled on Employer's objection to Claimant's Exhibit No. 2 at that time, an issue arises as to the legal effect of restating an objection that has already been ruled upon by the WCJ during a live hearing in a writing. We need not consider this issue, however, because, as will be explained, the WCJ did consider the medical records objected to in this case in arriving at her determination.

taining findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached ...

Here, the WCJ complied with the mandate that she issue a decision based on the evidence as a whole. Contrary to Claimant's assertions, she did not fail to consider the medical records contained in Claimant's Exhibit No. 2.[6] Moreover, it is evident that the WCJ not only considered the records from August 23, 1991 through June 23, 1993 as indicated on her "Witnesses & Exhibits" page, but records from June 26, 1996 through April 7, 2005 as well. This fact is evidenced by the WCJ's reference to Dr. Avart's fourteen years of treatment wherein she noted little variation in Claimant's complaints and her statement that in recent years, Claimant treated with Dr. Avart approximately every three months.[7]

In this *de novo* proceeding before the WCJ, Employer retained the burden of proof to establish the treatment under review was neither reasonable, nor necessary. *Topps Chewing Gum v. Workers'*

*Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa.Cmwlth.1998). The WCJ credited Employer's evidence over the evidence submitted by Claimant. The WCJ is the final arbiter of witness credibility and the weight to be accorded evidence and may accept or reject the testimony of any witness in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). Consequently, it met its burden of proof and the WCJ did not err in denying Claimant's UR Petitions. Accordingly, the Order of the Board is affirmed.

### ORDER

AND NOW, this 11th day of June, 2008, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

6. Because the WCJ did consider the contents of Claimant's Exhibit No. 2, we find the WCJ's notation sustaining Employer's objection to this evidence preserved in writing to be harmless error.

7. Claimant does not allege that the WCJ failed to consider the Dr. Avart's report dated October 20, 2005 and, quite clearly, the WCJ discusses this report in her Finding of Fact No 14.