620 A.2d 584

**Eric TUBBS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1992.

Decided Jan. 14, 1993.

John K. Sweeney, Asst. Public Defender, for petitioner.
Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Eric Tubbs (Petitioner) appeals the order of the Pennsylvania Board of Probation and Parole (Board) which extended his reparole date due to misconducts. We affirm.

On April 28, 1988, the Board released Petitioner on parole from a sentence of three-to-ten years. Subsequently, Petitioner was arrested on both new federal and state criminal charges.[1]

1. On December 6, 1989, Petitioner was arrested on new federal criminal charges and the Board lodged a detainer. On December 7, 1989, Petitioner posted bail with respect to the new federal criminal charges. On April 2, 1990, Petitioner was charged with a new state criminal

On June 6, 1991, the Board held a revocation hearing to determine whether to recommit Petitioner as a convicted parole violator. The Board recommitted Petitioner to serve ten additional months of his original sentence "when available." (Certified record, p. 74.) The Board notified Petitioner of a recalculated maximum term expiration date of July 3, 1998 and set a tentative reparole date of May 3, 1992 upon the condition that Petitioner commit no misconducts. The Board erred in calculating these dates because it failed to credit Petitioner's original sentence for time he spent in custody. The Board corrected its miscalculation but did not recalculate Petitioner's tentative reparole date. Soon thereafter, the Board modified the reparole date due to Petitioner's misconduct[2] and set a new tentative reparole date of August 3, 1993.

Petitioner filed an administrative appeal challenging the setting of his new tentative reparole date on the ground that in setting the date, the Board did not apply credit for the time he spent in custody. The Board denied Petitioner's request for administrative relief on the ground that the extension of a reparole date due to misconduct is not appealable.

On appeal to this Court,[3] Petitioner argues (1) that the Board abused its discretion in applying the time credit (from April 5, 1990 to July 11, 1990) to Petitioner's maximum term expiration rather than to the extension of his reparole date; and (2) that the Board abused its discretion by modifying the reparole date because of Petitioner's misconduct.[4]

offense but did not post bail. On April 5, 1990, Petitioner pled guilty to two of the federal charges. On July 11, 1990, Petitioner was sentenced to serve eighteen months of the federal charges. On April 19, 1991, Petitioner was placed on probation on the state charges.

2. Petitioner attempted to assault an Institutional Parole Representative and threatened to assault a corrections staff member.

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

4. These two arguments are raised in response to two separate Board determinations which denied Petitioner administrative relief. The two Board orders which resulted from these determinations have been consolidated by this Court for purposes of review.

■ Concerning Petitioner's first argument, it is well-settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term. *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 333, 514 A.2d 967 (1986). Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended* (Parole Act), 61 P.S. § 331.21a, gives the Board the power to return parole violators to prison to serve the entire remaining balance of their unexpired maximum term. The General Assembly has given the Board broad discretion to determine if and when a prisoner under its jurisdiction should be released on parole. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Commonwealth Ct. 38, 483 A.2d 1044 (1984). This reasoning also applies to the Board's decision to modify a reparoling order and thus, administer more "setback" time.[5]

■ The decision of whether to "set back" a prisoner's reparole date is an exercise of the Board's discretion not to release a prisoner on parole. *Johnson v. Pennsylvania Board of Probation and Parole,* 110 Pa.Commonwealth Ct. 142, 532 A.2d 50 (1987). The amount of setback time levied against an inmate is solely within the Board's discretion. *Id.* The Board could conceivably set back an inmate's reparole date to encompass the entire remaining unexpired term of his sentence. Therefore, due process is satisfied when a time credit, such as the one before us, is applied solely to a prisoner's maximum term.

Petitioner's second argument is without merit. In his appeal, Petitioner asks this Court to review the Board's decision to rescind an unexecuted tentative parole release date. This Court has held that such a decision is wholly within the Board's discretion and is not subject to judicial review. *Id.*

Accordingly, we affirm.

5. "Backtime," as distinguished from "setback" time, is the penalty imposed by the Board for a violation of parole. *Krantz.*

## ORDER

AND NOW, this 14th day of January, 1993, the orders of the Pennsylvania Board of Probation and Parole in the above-captioned matter are hereby affirmed.