**George WELSHIMER, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2013.

Decided Jan. 3, 2014.

George Welshimer, pro se.

John J. Talaber, Assistant Counsel, Harrisburg, for Respondent.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Before this court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) to the petition for review filed by George Welshimer, *pro se,* seeking a writ of mandamus to compel the Board to release him on parole. We sustain the Board's preliminary objections and dismiss Welshimer's petition.

Welshimer is currently incarcerated at the State Correctional Institution at Pittsburgh. Welshimer had been previously released on parole, but on May 5, 2011, the Board recommitted Welshimer as a technical parole violator (TPV). The Board subsequently denied Welshimer parole on July 3, 2012, and March 8, 2013. Welshimer will be considered for parole again on or after February 2014.

On April 29, 2013, Welshimer filed a petition for review seeking a writ of mandamus to compel the Board to automatically grant his parole. On May 16, 2013, this court directed that the petition for review be treated as a dual-jurisdiction petition for review addressed to this court's appellate and original jurisdictions. However, this court noted that "[t]o the extent that this matter is treated as an appeal of [the Board's] decision recorded on March 8, 2013, the last day to petition for review thereof was April 8, 2013; accordingly, the appeal, postmarked on April 29, 2013, is quashed as untimely filed." (Cmwlth.Ct.Order, 5/16/13.)

A writ of mandamus is an extraordinary remedy. *Taglienti v. Department of Corrections,* 806 A.2d 988, 991 (Pa.Cmwlth.2002). "This [c]ourt may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Detar*

*v. Beard,* 898 A.2d 26, 29 (Pa.Cmwlth. 2006).

The Act of July 5, 2012, P.L. 1050 (Act 122) modified section 6138(d)(3) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(d)(3), so that "[a TPV] recommitted to a State correctional institution ... shall be recommitted for one of the following periods, at which time the parolee shall automatically be reparoled without further action by the [B]oard: (i) For the first recommitment under this subsection, a maximum period of six months."

 Welshimer argues that the passage of Act 122 requires the Board to now automatically grant his parole. However, Act 122's modifications to 61 Pa.C.S. § 6138(d)(3) became effective on January 2, 2013, and, thus, were not in effect on May 5, 2011, when the Board recommitted Welshimer to serve the balance of his sentence.[1] Act 122's commitment periods and automatic reparole provisions are applicable to parole violators who "shall be recommitted"; however, it does not mention parolees recommitted prior to its passage. 61 Pa.C.S. § 6138(d). Thus, Act 122 is inapplicable to a parole violator such as Welshimer, who was recommitted prior to Act 122's effective date. The Board retained discretion to determine whether or not to grant Welshimer parole, which it exercised in its March 8, 2013, decision denying Welshimer's parole request. *See Tubbs v. Pennsylvania Board of Probation and Parole,* 152 Pa.Cmwlth. 627, 620 A.2d 584, 586 (1993) ("The General Assembly has given the Board broad discretion to determine if and when a prisoner under its jurisdiction should be released on parole.").

Accordingly, because Welshimer has failed to set forth a clear legal right to parole and a corresponding duty on the Board to grant parole, we sustain the Board's preliminary objections and dismiss Welshimer's petition.

### ORDER

AND NOW, this *3rd* day of *January,* 2014, we hereby sustain the preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole and dismiss the petition for review filed by George Welshimer.

---

1. In doing so, the Board acted in accordance with the Code as it existed in 2011, which stated: "A [TPV] under subsection (c) shall be recommitted to a correctional facility as follows: ... (2) If paroled from a State correctional institution, any male person upon recommitment shall be sent to the nearest State correctional institution for service of the remainder of the original term...." Former section 6138(d)(2) of the Code, 61 Pa.C.S. § 6138(d)(2).