# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amin Sharpe,                          :
                        Petitioner    :
                                      :
        v.                            :   No. 460 C.D. 2016
                                      :   Submitted: September 9, 2016
Pennsylvania Board of Probation       :
and Parole,                           :
                        Respondent    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 10, 2016**


Amin Sharpe (Sharpe) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his petition for administrative relief following a Board recommitment and recalculation order. Sharpe argues the Board erred in concluding he automatically forfeited credit for all the time he spent in good standing at liberty on parole based on his new convictions. He also asserts the Board improperly modified his judicially-imposed sentence by extending his original maximum sentence date. Upon review, we affirm.


In 2009, Sharpe was sentenced to a term of two years and six months to eight years in prison for robbery. His original minimum sentence date was November 20, 2011 and his original maximum sentence date was May 20, 2017.

In 2013, the Board released Sharpe on parole. Prior to his release, Sharpe signed conditions governing his parole, which stated, in relevant part: "If you are convicted of a crime committed while on parole … the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence … which you were serving when paroled … with no credit for time at liberty on parole." Certified Record (C.R.) at 11.

In August 2014, while Sharpe was on parole, police arrested him for possession of an instrument of a crime, endangering the welfare of a child, simple assault and recklessly endangering another person. Several months later, he was convicted of three of the four new charges.

On January 13, 2015, Sharpe received a sentence of 11 months and 15 days to 23 months' confinement with credit for time served and immediate parole. Sharpe was returned to the Board's custody on the same date.

The Board provided Sharpe with a notice of charges and hearing based on his new convictions. Sharpe waived his right to counsel and to a revocation hearing, and he admitted to the new convictions.

The Board voted to recommit Sharpe as a convicted parole violator and to deny him credit for the time he spent at liberty on parole. In its hearing report, the Board checked the "No" box, indicating Sharpe was not given credit for the time he spent at liberty on parole. C.R. at 42.

Ultimately, the Board issued a decision in which it recommitted Sharpe as a convicted parole violator for 15 months and recalculated his maximum sentence date as August 6, 2018. Sharpe filed a petition for administrative relief, which the Board denied. He now petitions for review to this Court.

On appeal,[1] Sharpe first argues the Board erred in automatically denying him credit for time he spent at liberty on parole merely because he is a convicted parole violator. To that end, he asserts Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), grants the Board discretion to award a convicted parole violator credit for time spent on parole. He contends the Board failed to exercise its discretion under section 6138(a)(2.1) of the Parole Code by checking a box denying credit. Sharpe maintains this failure to exercise discretion, in and of itself, constitutes an abuse of discretion. On this basis, he seeks a remand.

As Sharpe acknowledges, this Court recently considered and rejected the argument he now raises. See Pittman v. Pa. Bd. of Prob. & Parole, 131 A.3d 604 (Pa. Cmwlth.) (en banc), appeal granted, 137 A.3d 572 (Pa. 2016).[2] In

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 74 (Pa. Cmwlth. 2013).

[2] Although Sharpe suggests this Court should reconsider its decision in Pittman v. Pennsylvania Board of Probation and Parole, 131 A.3d 604 (Pa. Cmwlth.) (en banc), as we explained in Easley v. Pennsylvania Board of Probation and Parole (Pa. Cmwlth., No. 2237 C.D. 2015, filed June 23, 2016), Slip Op. at 5, 2016 WL 3443915 at *3:

> We decline to do so for two reasons. First, Pittman is an en banc opinion
> of this Court decided less than seven months ago and no change in the law

**(Footnote continued on next page…)**

3

Pittman, the parolee was convicted of a new crime while on parole. The Board's recommitment hearing report contained the following line: "**BOARD ONLY**– Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offense on pg. 8)." Id. at 606. The Board checked "No." Id. On appeal, the parolee argued the Board erred by failing to state its reasons for denying him credit. We rejected this claim, stating, "there is no express requirement that the Board issue a statement of reasons for denying credit to a [convicted parole violator] for time spent at liberty on parole." Id. at 612. Thus, the Board "was not legally required to provide Pittman with a statement of reasons for denying him credit for time spent at liberty on parole." Id. at 616.

Pittman controls here. As in Pittman, the Board here recommitted Sharpe as a convicted parole violator. Additionally, as in Pittman, the Board exercised its discretion and denied Sharpe credit for the time he spent at liberty on parole by checking the "No" box on the hearing report. Id. at 611. Under Pittman,

---

**(continued…)**

has occurred. Second, Petitioner's claim that Pittman was wrongly decided can and likely will be resolved more definitively and efficiently without reconsideration by this Court, as the Pennsylvania Supreme Court will be hearing that question in the Pittman case itself. On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in Pittman to address the following question: "Did the [Board] abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" Pittman v. Pennsylvania Board of Probation and Parole, [137 A.3d 572 (Pa. 2016)]. That is the same question that Petitioner raises here. Petitioner's arguments that Pittman should be overruled are more appropriately directed to the Pennsylvania Supreme Court by petition for allowance of appeal.

4

this is sufficient. Thus, in accordance with Pittman, the Board did not err in denying Sharpe credit for time spent at liberty while on parole.

Also, as in Pittman, we reject Sharpe's reliance on Gillespie v. Department of Transportation, Bureau of Driver Licensing, 886 A.2d 317 (Pa. Cmwlth. 2005). In Pittman, we explained:

> [In Gillespie], we concluded that the trial court failed to exercise discretion when ruling on the [Department of Transportation's (Department)] request for a continuance. We initially reiterated that judicial discretion 'broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him.' [Id.] at 319 (citation omitted). After noting the trial court's '[b]lind adherence to an established policy,' this Court determined that the trial court `did not exercise its discretion at all.' Id. at 319-20. …
>
> Unlike the trial court in Gillespie, the Board here did not 'punt' away its duty to exercise discretion in rendering its decision. Instead, the Board was presented with a choice and affirmatively chose to deny Pittman credit. In completing the hearing report, the Board exercised discretion in deciding 'either to do or not do that which is proposed to [it],' id. at 319, under [S]ection 6138(a)(2.1) of the Parole Code. Notably, Pennsylvania law presumes that the Board acted lawfully and utilized its discretion in good faith, see Office of Governor v. Donahue, [98 A.3d 1223, 1239 (Pa. 2014)], and Pittman does not contend otherwise. Therefore, because the record establishes that the Board exercised discretion, Gillespie is clearly distinguishable on its facts.

Pittman, 131 A.3d at 611-12.

5

Further, while Sharpe asserts the Board's failure to provide its reasons for denying him credit for the time he spent at liberty on parole violates his right to due process, in Pittman, we explained:

> We note that Pittman does not assert that procedural due process requires the Board to issue a statement of reasons.
>
> In any event, the Fourteenth Amendment to the United States Constitution provides, in relevant part, that no 'State [shall] deprive any person of life, liberty, or property, without due process of law.' U.S. Const. amend. XIV, § 1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. Miller v. Workers' Compensation Appeal Board (Pavex, Inc.), 918 A.2d 809, 812 (Pa.Cmwlth.2007). Only after the party establishes the deprivation of a protected interest will we consider what method of due process is required. Id.
>
> Here, Pittman has no constitutionally protected liberty interest in receiving credit for time spent on parole. See Young v. Board of Probation and Parole, [409 A.2d 843, 847-48 (Pa. 1979)]; Tubbs v. Board of Probation and Parole, 620 A.2d 584, 585-86 (Pa. Cmwlth. 1993); Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001); Dews v. Waldern, 590 F. Supp. 2d 42, 44 (D. D.C. 2008). Neither does Pittman have a protected property interest under state law. 'When an individual alleges a protected property interest in the receipt of a state created benefit, the individual must establish more than a mere expectation to it; the individual must demonstrate an actual entitlement to it.' Miller, 918 A.2d at 812. Under [S]ection 6138(a)(2.1) of the Parole Code, credit for time served on parole is at the Board's sole discretion ("may, in its discretion"). See Kentucky Department of Corrections v. Thompson, [490 U.S. 454 (1989)]; Frey v. Fulcomer, 132 F.3d 916, 925 n. 7 (3d Cir. 1997).

Pittman, 131 A.3d at 616 n.12; see also Edwards v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1625 C.D. 2014, filed May 25, 2016), 2016 WL 3003200 (unreported) (rejecting argument that due process required Board to provide its

6

reasons for denying convicted parole violator credit for time spent at liberty on parole); Thompson v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 118 C.D. 2015, filed May 24, 2016), 2016 WL 2984214 (unreported) (same).

Next, Sharpe asserts, while the Board may recommit a convicted parole violator, it lacks express statutory authority to extend a parolee's judicially-imposed maximum sentence date. Contrary to Sharpe's assertion, the Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." Knisley v. Pa. Bd. of Prob. & Parole, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court …." Id.[3]

---

[3] In his Summary of Argument, Sharpe asserts the Board's recalculation and extension of his court-imposed judicial sentence amounts to an *ex post facto* violation under Article I, Section 9 of the Constitution and constitutes cruel and unusual punishment. However, he does not develop these assertions in the Argument section of his brief; thus, they are waived. City of Phila. v. Berman, 863 A.2d 156 (Pa. Cmwlth. 2004) (failure to develop issue in argument section of brief constitutes waiver). In any event, even if not waived, these arguments fail.

To that end, as this Court previously explained, "[t]he statutory provision denying credit for time spent on parole … does not violate constitutional due process, equal protection and the prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment, and ex post facto laws." Bellamy v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 439 C.D. 2014, filed May 7, 2015), Slip Op. at 6-7, 2015 WL 5413883 at *4 (citing Young v. Bd. of Prob. & Parole, 409 A.2d 843 (Pa. 1979); Commonwealth ex rel. Rambeau v. Rundle, 314 A.2d 842 (Pa. 1973); Choice v. Pa. Bd. of Parole, 448 F. Supp. 294 (M.D. Pa. 1977)); see also Monroe v. Pa. Bd. of Prob. & Parole, 555 A.2d 295 (Pa. Cmwlth. 1989) (rejecting parolee's arguments that Board's order, which denied him credit for time at liberty on parole, improperly extended his maximum sentence in violation of his constitutional rights against cruel and unusual punishment, double jeopardy and offending due process).

We recognize that "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting Savage v. Pa. Bd. of Prob. & Parole, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, contrary to Sharpe's assertions, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (en banc) (emphasis added).[4] Further, the Supreme Court specifically holds the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions or violate a parolee's due process rights. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). Additionally, contrary to Sharpe's assertions, "[the] Board has not … unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole."

---

[4] Although Sharpe's argument that he was in good standing while on parole would be relevant if the Board recommitted him as a *technical* parole violator, it has no bearing on his recommitment as a convicted parole violator. Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596, 598-99 (Pa. Cmwlth. 2011) (en banc) ("[T]echnical parole violators are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences ...."); see also Section 6138(c)(2) of the Parole Code, 61 Pa. C.S. §6138(c)(2) ("If the parolee is recommitted under this section [regarding technical parole violations], the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.").

Young, 409 A.2d at 846 n.5 (quoting Commonwealth ex rel. Ohodnicki v. Pa. Bd. of Parole, 211 A.2d 433, 435 (Pa. 1965)).[5]

For all the foregoing reasons, we affirm.

_____
ROBERT SIMPSON, Judge

[5] In his brief to this Court, Sharpe does not take issue with the Board's calculation; rather, he asserts the Board lacked authority to extend his original maximum sentence date. For the reasons set forth above, we reject this contention.

In any event, no error is apparent in the Board's calculation. Specifically, when the Board paroled Sharpe on October 27, 2013, his maximum sentence date was May 20, 2017. Thus, he had 1,301 days remaining on his original sentence. When the Board revoked Sharpe's parole and recommitted him as a convicted parole violator without credit for any of the time he was on parole, he was required to serve the 1,301 days remaining on his original sentence. Adding 1,301 days to January 13, 2015, the date Sharpe was returned to Board custody, the Board properly recalculated Sharpe's maximum sentence date as August 6, 2018.

In addition, Sharpe's citation to McCauley v. Pennsylvania Board of Probation and Parole, 510 A.2d 877 (Pa. Cmwlth. 1986), is unavailing. There, we stated that the Board could not require a parolee to serve backtime that would exceed the time remaining on his unexpired sentence. Here, the backtime imposed by the Board did not exceed the remainder of Sharpe's unexpired sentence.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amin Sharpe,                             :
                   Petitioner      :
                               :
         v.                      :     No. 460 C.D. 2016
                               :
Pennsylvania Board of Probation       :
and Parole,                         :
                Respondent     :

## **O R D E R**

**AND NOW**, this 10th day of November, 2016, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

 

 

ROBERT SIMPSON, Judge