IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Lampkin,                                     :
                    Petitioner                      :
                                                    :      No.  639 C.D. 2016
          v.                                        :
                                                    :      Submitted:  October 7, 2016
Pennsylvania Board of                               :
Probation and Parole,                               :
                    Respondent                      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  November 30, 2016


          Tyrone Lampkin (Lampkin) petitions for review of the March 15, 2016
order of Pennsylvania Board of Probation and Parole (Board) that denied his
administrative appeal of a Board order recommitting him as a convicted parole
violator (CPV) to serve twenty-four months' backtime and recalculating his
maximum sentence date to November 28, 2017.[1]  We affirm.

          On March 15, 2005, a trial court sentenced Lampkin to three to nine
years' imprisonment following his guilty plea to person not to possess a firearm,
violation of probation, possession of a controlled substance, and possession of a
controlled substance with intent to deliver (PWID).  Lampkin's minimum sentence

_____

          [1] By *per curiam* order dated May 20, 2016, this Court appointed counsel to represent
Lampkin in this appeal.

date was September 10, 2007, and his maximum sentence date was September 10, 2013. (Certified Record (C.R.) at 1-3.)

On January 30, 2009, the Board granted Lampkin parole and he was released on March 16, 2009. Prior to his release, Lampkin signed conditions governing his parole advising that, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 12.)

On November 29, 2012, while Lampkin was on parole, the police arrested him and charged him with numerous criminal offenses. On May 20, 2015, Lampkin pled guilty to possession of a controlled substance, PWID, conspiracy to commit PWID, and possession of a prohibited firearm. On June 5, 2015, the Board lodged a warrant to detain. On July 31, 2015, the trial court sentenced Lamkpin to two to four years' imprisonment in a state correctional institution. Thereafter, Lampkin signed a waiver form prepared by the Board, waiving his right to a parole revocation hearing and his right to counsel and admitting that he violated his parole by committing the crimes for which he was convicted. (C.R. at 53-56, 59, 64-65.)

In a hearing report dated September 16, 2015, the Board accepted Lampkin's waivers and admission to being a CPV. (C.R. at 72-79.) On page 3 of the hearing report appeared the line: "BOARD Only – Credit time spent at liberty on parole: [ ] No  [ ] Yes (Excluded offenses on pg. 8)." In turn, page 8 of the hearing report lists offenses that are automatically excluded from street time credit pursuant to section 9714(g) of the Judicial Code, 42 Pa.C.S. §9714(g), and Lampkin's

2

convictions are not listed as one of those enumerated offenses. The Board checked "No" and denied Lampkin credit. (C.R. at 74.)

By decision dated November 4, 2015, the Board recommitted Lampkin as a CPV, ordered him to serve twenty-four months backtime, and recalculated his maximum sentence date from September 10, 2014, to November 28, 2017. In doing so, the Board cited 6138(a)(2.1) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2.1), added by the Act of July 5, 2012, P.L. 1050, and our recent decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth.) (en banc), *appeal granted*, 137 A.3d 572 (Pa. 2016). (C.R. at 82-85.)

On December 28, 2015, Lampkin filed a *pro se* administrative appeal, arguing that he was entitled to credit for time spent at liberty on parole and that his maximum sentence date should not have been altered. On March 15, 2016, the Board denied Lampkin's petition and affirmed his recommitment as a CPV. (C.R. at 86-96.)

On appeal to this Court,[2] Lampkin first asserts that the Board abused its discretion in failing to exercise any kind of discretion when it denied him credit for time spent at liberty on parole. Lampkin argues that the complete failure to exercise discretion is, in and of itself, an abuse of discretion, and that the Board must expressly state reasons for denying him credit.

Section 6138(a) of the Parole Code provides, in pertinent part, the following with regard to CPVs:

§6138. Violation of terms of parole.

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. § 702; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

3

(a) Convicted violators.

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term** which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) **The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. §6138(a)(1)-(2.1)(i) (emphasis added).

In *Pittman,* Pittman was convicted of a new crime while he was on parole. The Board's recommitment hearing report contained the following line: "BOARD ONLY — Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offense on pg. 8)." 131 A.3d at 606. The Board checked "No." *Id.* On appeal, Pittman argued that the Board erred by failing to state its reasons for denying him credit. This Court rejected this claim, explaining that "there is no statutory basis

4

upon which to find or infer that the Board must issue a statement of reasons for denying a CPV credit for time spent at liberty on parole under section 6138(a)(2.1) of the Parole Code" and, therefore, the Board "was not legally required to provide Pittman with a statement of reasons for denying him credit for time spent at liberty on parole." *Pittman*, 131 A.3d at 614 and 616. Applying principles of statutory construction, we concluded that "it is incumbent upon the legislature to explicitly impose such a requirement if it be [its] intent." *Id.* at 616.

*Pittman* is controlling authority for purposes of resolving this case.[3] In Lampkin's recommitment hearing report, the Board noted that it was not awarding him credit for his time at liberty on parole by checking the box for "No." (C.R. 72.) Under *Pittman*, this is sufficient to establish that the Board exercised the discretion afforded to it under section 6138(a)(2.1) of the Parole Code and the Board need not provide reasons for denying Lampkin credit. Therefore, in accordance with *Pittman,* we conclude that the Board did not err in denying Lampkin credit for time spent at liberty while on parole.

Lampkin also contends that, irrespective of the Parole Code, the Due Process Clause of the Fourteenth Amendment[4] requires that the Board provide a statement of reasons for denying him credit. This argument, however, was considered and rejected in *Pittman*:

> [T]he Fourteenth Amendment to the United States
> Constitution provides, in relevant part, that no "State [shall]

---

[3] Although our Supreme Court granted allowance of appeal in *Pittman*, that decision remains binding on this Court unless or until it is overruled by our Supreme Court. *See Pries v. Workers' Compensation Appeal Board (Verizon Pennsylvania)*, 903 A.2d 136, 144 (Pa. Cmwlth. 2006).

[4] U.S. Const. amend. XIV, §1.

5

deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. *Miller v. Workers' Compensation Appeal Board (Pavex, Inc.)*, 918 A.2d 809, 812 (Pa. Cmwlth. 2007). Only after the party establishes the deprivation of a protected interest will we consider what method of due process is required. *Id.*

Here, Pittman has no constitutionally protected liberty interest in receiving credit for time spent on parole. *See Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 847-48 (Pa. 1979); *Tubbs v. Board of Probation and Parole*, 620 A.2d 584, 585-86 (Pa. Cmwlth. 1993); *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Dews v. Waldern*, 590 F.Supp.2d 42, 44 (D.D.C. 2008). Neither does Pittman have a protected property interest under state law. "When an individual alleges a protected property interest in the receipt of a state created benefit, the individual must establish more than a mere expectation to it; the individual must demonstrate an actual entitlement to it." *Miller*, 918 A.2d at 812. Under section 6138(a)(2.1) of the Parole Code, credit for time served on parole is at the Board's sole discretion ("may, in its discretion"). *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 464-65 (1989); *Frey v. Fulcomer*, 132 F.3d 916, 925 n.7 (3d Cir. 1997).

*Pittman*, 131 A.3d at 616 n.12. Consistent with *Pittman*, we conclude that the due process clause does not command that the Board issue a statement of reasons for denying Lampkin credit.

Finally, Lampkin argues that the Board erred when it extended his maximum sentence because the Board does not have the authority to usurp the judicial function of sentencing. To the contrary, however, "denial of credit . . . does not effect the sentence in such a manner as would be offensive to the doctrine of separation of powers," and the Board's authority to deny credit under section 6138(a)(2.1) of the Parole Code "is not an encroachment upon the judicial sentencing

6

power." *Young*, 409 A.2d at 848. Moreover, the Board's authority to revoke street time for convicted parole violators is long settled in this Commonwealth. *See Commonwealth ex rel. Ohodnicki v. Pennsylvania Board of Parole*, 211 A.2d 433, 435 (Pa. 1965) (concluding that the Board's action in denying credit for a convicted parole violator's time spent at liberty on parole does not unlawfully extend the term of his maximum sentence). Consequently, Lampkin's contention fails.

Accordingly, having determined the Lampkin's arguments lack merit, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Lampkin, :
          Petitioner :
 : No. 639 C.D. 2016
     v. :
 :
Pennsylvania Board of :
Probation and Parole, :
          Respondent :

## *ORDER*

AND NOW, this 30th day of November, 2016, the March 15, 2016 order of Pennsylvania Board of Probation and Parole is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge